J-S23034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| RICHARD D. FLOOD, | : | |
| | : | |
| Appellant | : | No. 1832 EDA 2014 |

Appeal from the PCRA Order entered May 27, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at Nos: CP-51-CR-0426351-1989

BEFORE:  DONOHUE, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MAY 28, 2015**

Richard D. Flood (Appellant) appeals *pro se* from the order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 7, 1990, Appellant was sentenced to life imprisonment without possibility of parole following his guilty plea to first-degree murder. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal.  *Commonwealth v. Flood*, 627 A.2d 1193 (Pa. Super. 1993), *appeal denied,* 641 A.2d 583 (Pa. 1994). Appellant's first four PCRA petitions resulted in no relief.

On May 16, 2012, Appellant filed his fifth PCRA petition, which is the subject of this appeal.  The PCRA court served on Appellant pursuant to Pa.R.Crim.P. 907 a notice of intent to dismiss the petition, and dismissed the petition by order of May 27, 2014.

*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a statement of errors complained of on appeal, and none was filed. On appeal, Appellant presents to this Court six issues related to the alleged ineffectiveness of trial/plea counsel. Appellant's Brief at 3.

Before we consider the merits of Appellant's claims, we must address whether his petition was timely filed, for the timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 1994. However, Appellant alleges that his petition, filed within 60 days of the Supreme Court's decisions in **Lafler v. Cooper**, 132 S.Ct. 1376 (U.S. 2012), and **Missouri v. Frye**, 132 S.Ct. 1399 (U.S. 2012), satisfies the following timeliness exception: "the right asserted is a

constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(iii).

This Court has rejected Appellant's claim:

It is apparent that neither **Frye** nor **Lafler** created a new constitutional right. Instead, these decisions simply applied the Sixth Amendment right to counsel, and the [] test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on **Frye** and **Lafler** in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.

**Commonwealth v. Feliciano**, 69 A.3d 1270, 1277 (Pa. Super. 2013) (footnote omitted).

Appellant also attempted to avoid the PCRA's time restrictions by styling his filing as a "Petition for Writ of *Habeas Corpus* Relief … and for Post-Conviction Relief…" (hereafter Appellant's Petition). Appellant argues that the time restrictions should not apply "to the egregious circumstances here" or, in the alternative, that the time limitations "unconstitutionally suspend the state constitutional right to *habeas corpus* relief…." Appellant's Petition at 5 n.1.

Our Supreme Court has rejected both of these arguments. **See Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) ("[T]he statute

- 3 -

confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.") (internal quotation marks omitted); ***Commonwealth v. Peterkin***, 722 A.2d 638, 643 (Pa. 1998) ("[W]e have no difficulty in concluding that the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit [a petitioner's] constitutional right to *habeas corpus* relief.").

"Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013). Because Appellant's claims of ineffective assistance of counsel are cognizable under the PCRA, ***see*** 42 Pa.C.S. § 9543(a)(2) (providing that PCRA relief is available, *inter alia*, for convictions resulting from ineffective assistance of counsel), the PCRA court properly addressed Appellant's filing as a PCRA petition and correctly dismissed it as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: <u>5/28/2015</u>